UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW JORDAN TYRA, UNITED
STATES OF AMERICA,

Plaintiffs,

v.                                                    CAUSE NO. 3:21-CV-531-RLM-MGG

6000 ACRES OF LAND, et al.,

Defendants.

OPINION AND ORDER

Matthew Jordan Tyra, a prisoner without a lawyer, filed a complaint against fourteen defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Tyra alleges that this action is being brought by the "United States of America for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owner[]s and parties of . . . interest." ECF 1 at 1. He asserts the authority for taking the property is his for eternity as an "act of Tyra." *Id*. The property will be used for jobs and also as a home for healthy living, education, safe sex, and raising a child to be married off. *Id*. at 1-

2. Mr. Tyra claims the property belonged to his Native American ancestors and Native Americans as well as others may claim some interest in the property. *Id*. at 2. Thus, he demands that the property be condemned and that just compensation for the taking of the property be ascertained. *Id*.

Mr. Tyra has sued 6000 Acres of Land, Robert Rheam, Unknown Owners, Stacey Brenderburge, Donaven Patrick Lamb, David Tyra, Elizabeth Tyra, Circle K, Aldies, Vickie Brittney Culley, Shian Royce, Johnny Weaver, Shannen Fagen, and George Tyra.  "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). While Mr. Tyra seems to allege that he or others may have a claim or interest in property that was taken from his Native American ancestors, he doesn't identify any specific federal constitutional right that was violated as a result of the alleged taking of property. Nor do these allegations call to mind the violation of any such right. Therefore, he hasn't stated a plausible constitutional claim against any of the fourteen defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, that is the situation this case presents.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on November 17, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT